UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00034-FDW-DSC

| | |
|---|---|
| BRANDACE J. HOPPER, Executor, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) ORDER <br> ) <br> MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS, INC., and ) <br> QUICKEN LOANS INC., ) <br> ) <br> Defendants. ) <br> ) | |

THIS MATTER is before the Court upon Defendants', Mortgage Electronic Registration Systems, Inc. ("MERS") and Quicken Loans Inc., Motion to Dismiss (Doc. No. 4), pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, Defendants' Motion to Dismiss (Doc. No. 4) is GRANTED. Furthermore, Plaintiff's Motion to Remand (Doc. No. 13) and Motion for Sanctions (Doc. No. 12) are DENIED.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, initiated this action by filing a summons and complaint with the Clerk of Court for Mecklenburg County, North Carolina on December 18, 2017. (Doc. No. 1, p. 1). The complaint purports to bring an action to quiet title, contesting the validity of a deed of trust and its subsequent assignment. (Doc. No. 1-2, p. 10). Defendants removed the case to this Court on January 19, 2018, and filed a joint Motion to Dismiss with prejudice Plaintiff's complaint on January 26, 2018. (Doc. No. 4). In recognition of the unique challenges facing *pro se* plaintiffs, the Court, *sua sponte*, issued a Roseboro Order directing Plaintiff to respond on or

1

before February 16, 2018. (Doc. No. 11). Plaintiff timely responded and filed additional motions requesting sanctions and remand.

Upon reviewing the exhibits and difficult-to-decipher Complaint, the Court gathers that Plaintiff seeks to use the court system to prevent foreclosure on a personal residence. Plaintiff requests an order voiding a deed of trust on Plaintiff's property and quieting title in Plaintiff's name. (Doc. No. 1-2, p. 10). On December 22, 2012, Plaintiff executed and delivered a note to Quicken Loans for $187,218.00 secured by a deed of trust recorded on December 28, 2012 (the "Deed of Trust"). The Deed of Trust named MERS as the beneficiary, "solely as nominee for Lender . . . and Lender's successors and assigns." (Doc. No. 1-4, p. 2). Subsequently, MERS, as nominee for Quicken Loans, assigned the Deed of Trust to Quicken Loans ("the Assignment"), who recorded it with the Mecklenburg County Register of Deeds on October 11, 2016. (Doc. No. 1-7, p. 4). Plaintiff alleges a "[v]oid and fraudulent deed of trust was created with the unlawful business entity unregistered Mortgage Electronic Registration Systems, Inc." and that "such an instrument creates a cloud by which someone or anyone may attempt to make an adverse claim to owner's title." (Doc. No. 1-2, p. 8-9). Plaintiff concludes that the Deed of Trust is now "rescinded . . . by estoppel, res judicata, on the grounds of false representation, and fraud," and thus seeks an order from this Court "canceling the instrument in Book 31244, ASSIGNMENT OF MORTGAGE (Exhibit D-1), and the instrument in Book 27946, DEED OF TRUST (Exhibit D-2) as well as any other such instrument of which casts a cloud over [Plaintiff's] Title[.]" Id. at 8-10.

Defendants' Motion to Dismiss asserts Plaintiff's Complaint fails to state a claim upon which relief can be granted and accordingly should be dismissed pursuant to Rule 12(b)(6). The Court agrees.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. Furthermore, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 8(a) requires that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. Pro. 8(a). While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### III. ANALYSIS

Defendants contend Plaintiff's Complaint should be dismissed for the following reasons: (1) the Complaint does not meet the pleading requirements of Rule 8(a)(2); (2) Plaintiff lacks standing to challenge the Assignment of the Deed of Trust; and (3) Plaintiff's legal theories have no valid basis in North Carolina law. The Court addresses each of these arguments in turn.

**A. Rule 8 of the Federal Rules of Civil Procedure**

As stated above, pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While the Supreme Court has determined *pro se* complaints shall be reviewed liberally, nevertheless district courts may dismiss a complaint if it is evident that no set of facts exist which would entitle the plaintiff to relief. See Cornish v. Schaefer, 809 F.2d 785 (4th Cir. 1987) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Boyce v. Alizaduh, 595 F.2d 948, 951 (4th Cir.1979)).

Here, Plaintiff's Complaint fails to demonstrate he is entitled to relief. The Complaint asserts that faulty creation and improper Assignment voided the Deed of Trust, and as a result title to the property should be quieted in Plaintiff's name. Plaintiff, however, provides no factual support for such claims. Moreover, the facts as alleged indicate there indeed was no fault with the creation of the Deed of Trust nor the Assignment under North Carolina law. It is evident Plaintiff

4

has failed to allege facts which would entitle Plaintiff to relief. Consequently, Plaintiff's Complaint fails to meet the requirements of Rule 8(a)(2).

**B. Standing**

Next, Defendants argue Plaintiff's Complaint should be dismissed because Plaintiff lacks standing to challenge the Assignment.

"An action to declare an assignment void could only be brought by someone who can demonstrate a concrete and particularized injury in fact that is fairly traceable to the challenged assignment." Ward v. Security Atlantic Mortg. Electronic Regustration Systems, Inc., 858 F.Supp.2d. 561, 568 (E.D.N.C. 2012) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Accordingly, a person who is not a party to the assignment or an intended beneficiary does not possess standing to assert a claim based on the assignment's validity. See id; see also In re Sprouse, No. 09-31054, 2014 WL 948490, at *2 (Bankr. W.D.N.C. Mar. 11, 2014).

In this case, Plaintiff fails to allege that he was a party to the Assignment or an intended beneficiary. Moreover, the facts alleged indicate that Plaintiff was indeed neither a party to the Assignment nor an intended beneficiary. Furthermore, no "concrete and particularized injury" traceable to the Assignment is alleged in Plaintiff's Complaint. As such, Plaintiff lacks standing to assert a claim challenging the validity of the Assignment.

**C. Plaintiff's Claims**

As stated above, Plaintiff's primary contentions seem to be (1) MERS involvement in the creation of the Deed of Trust and its subsequent Assignment was improper and (2) as a result title to the property should be quieted in Plaintiff's name. (Doc. No. 1-2, p. 10). Plaintiff, however, alleges no facts to support either argument. The Court accepts as true Plaintiff's allegations of the

creation of the Deed of Trust and the Assignment but does not accept as true the legal theories and conclusions that comprise the bulk of the Complaint.

While Plaintiff maintains the Deed of Trust creates a cloud on his title, no facts alleged in Plaintiff's Complaint or supporting documents indicates such. Despite conclusory allegations that the Defendants created a "[v]oid and fraudulent deed of trust" (Doc. No. 1-2, p.), Plaintiff points to no authority, and the Court can find none, indicating that the formation or Assignment of the Deed of Trust was unlawful. Plaintiff does seem to argue that MERS is not authorized to conduct business in North Carolina as a basis for finding the Assignment improper (Doc. No. 15, p. 14), but such an argument is erroneous. North Carolina courts have consistently held that use of MERS comports with North Carolina law; MERS has the authority to assign its rights under deeds of trust and has standing to participate in the foreclosure process. Joy v. MERSCORP, Inc., No. 5:10-CV-218-FL, 2012 WL 7804203, at *13 (E.D.N.C. May 15, 2012), report and recommendation adopted in relevant part, 935 F. Supp. 2d 848 (E.D.N.C. 2013); see also In re Sprouse, 2014 WL 948490, at *4 ("[T]he assertion that the use of MERS somehow voids the assignments, the Deeds and Trust, and Defendant's liens . . . has been squarely rejected in North Carolina.").

Similarly, Plaintiff's claim to quiet title lacks factual support. "An action [to quiet title] may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." N.C. Gen. Stat. § 41–10. The purpose of such an action is to "free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion." Resort Development Co., Inc. v. Phillips, 278 N.C. 69, 76 (1971) (quoting Christman v. Hilliard, 167 N.C. 4, 8 (1914)). "Where a plaintiff acknowledges a deed of

trust she can only prevail on her quiet title claim if she establishes it [sic] that it is void." Smallwood v. Irwin Mortg. Co., No. 5:12-CV-47-BO, 2013 WL 4735877, at *5 (E.D.N.C. Sept. 3, 2013) (citing Kelley v. Citifinancial Servs., Inc., 205 N.C.App. 426, 696 S.E.2d 775 (2010)). As noted above, Plaintiff points to no facts demonstrating the formation of the Deed of Trust or its Assignment was unlawful. Moreover, Plaintiff alleges no other grounds supporting a claim to quiet title. The Court sees no wrong in the events surrounding the Assignment, as alleged, and thus finds no legal basis for Plaintiff's claim to quiet title.

### D. Plaintiff's Motion to Remand and Motions for Sanctions

As stated above, Plaintiff has filed a Motion to Remand (Doc. No. 13) and a Motion for Sanctions (Doc. No. 12) against Defendants and Defendant's counsel. Both motions are without merit.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1446(a) states that defendants desiring to remove a civil action to federal court "shall file . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Section 1446(b) states that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Service of the notice of removal may be accomplished by "mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C).

7

The record indicates Defendants filed and served, by regular mail, their Notice of Removal on January 29, 2018, less than thirty days after service of process. Plaintiff contends Defendants' service of the Notice of Removal was untimely due to "fraudulent means of service delivery." (Doc. No. 13-2, p. 5). Plaintiff does not argue that he did not receive service, rather he argues service was improper due to "uncanceled [sic] unauthorized counterfeit metered postage." Id. Plaintiff contends sanctions are appropriate against Defendants and Defendants' counsel for "baseless, fraudulent abuse of process and dilatory removal in bad faith." However, Plaintiff's hollow allegations are of no moment. No evidence provided by Plaintiff indicates any wrongdoing on behalf Defendants or Defendants' counsel; rather, the facts indicate Defendants timely removed this action and effectuated service in the proper manner. Furthermore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, Defendant's Motion to Remand and Motion for Sanctions fail.

## IV. CONCLUSION

IT IS THEREFORE ORDERED for the forgoing reasons Defendants' Motion to Dismiss (Doc. No. 4) is GRANTED, and this civil action is DISMISSED with prejudice.

IT IS FURTHER ORDERED Plaintiff's Motion to Remand (Doc. No. 13) and Motion for Sanctions (Doc. No. 12) are DENIED. The Clerk is respectfully DIRECTED to CLOSE this case.

IT IS SO ORDERED.

Signed: March 9, 2018

_____
Frank D. Whitney
Chief United States District Judge